22545

Terry Lee BARLET, Petitioner v. STATE of South Carolina, Respondent.

(343 S. E. (2d) 620)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey of S. C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. William A. Ready, III,* Columbia, *for respondent.*

Submitted March 26, 1986.

Decided May 5, 1986.

CHANDLER, Justice:

Terry Lee Barlet (Barlet), following a plea of guilty to grand larceny, was placed on probation. He failed to pay fees and to make restitution as required and, as a result, proba-

tion was revoked. He was not represented by counsel at the revocation hearing.

We granted certiorari from denial, after a hearing, of post-conviction relief (PCR).

We reverse and remand for a *de novo* probation revocation hearing.

## FACTS

At the PCR hearing, Barlet testified he was advised of his right to counsel by his probation officer almost two months before the warrant was served. He testified, further, that he again inquired about counsel when he was served with a warrant and at several other times before the revocation hearing.

At the brief revocation hearing, the judge made no inquiry concerning counsel. He revoked probation, but made no determination as to why Barlet had failed to comply with terms.

## ISSUES

I. Was Barlet denied his right to counsel?

II. Is the failure to comply with terms of probation requiring restitution and payment of fees, standing alone, a sufficient ground for revocation?

## I. RIGHT TO COUNSEL

Supreme Court Rule 51 provides in pertinent part:

(A) Every person charged with the violation of a probationary sentence shall be taken as soon as practicable before the Clerk of Court of General Sessions ... for the purpose of securing to the accused the right to counsel.

(B) The officer before whom the arrested person is taken shall:

\* \* \*

(2) advise the accused of his right to counsel and of his right to the appointment of counsel by the Court, if the accused is financially unable to employ counsel.

(3) if the accused represents that he is financially unable to employ counsel, take his application for the

appointment of counsel, or for the services of the Public Defender ...

The State contends Rule 51 does not guarantee any right to counsel not already guaranteed by the United States Constitution. It then argues that Barlet was not guaranteed any right to counsel in this case. We disagree.

In *Gagnon v. Scarpelli*, 411 U. S. 778, 93 S. Ct. 1756, 36 L. Ed. (2d) 656 (1973), the Court refused to recognize a blanket rule requiring appointment of counsel for indigents at all probation revocation hearings. Rather, the majority held that (1) due process requires that the need for counsel be determined on a case-by-case basis, and (2) that this determination shall be made by the state authority charged with responsibility for administering the probation system.

A factor to be considered is whether there are "substantial reasons which justified or mitigated the violation and make revocation inappropriate."

Here, Barlet, without contradiction, testified to his bona fide efforts to find work, pay fees and make restitution.

We hold that a right to counsel attached under *Gagnon v. Scarpelli* and that the PCR judge erred in denying post-conviction relief. We also hold that the terms of Supreme Court Rule 51 require that: (1) *all* persons charged with probation violations be advised of their right to counsel, and (2) *indigent* persons be advised of their right to court appointed counsel.

## II. GROUNDS FOR REVOCATION

Probation may not be revoked *solely* on the ground the probationer failed to pay fines or to make restitution. The judge must determine on the record that the probationer failed to make a bona fide effort to pay. *Bearden v. Georgia*, 461 U. S. 660, 103 S. Ct. 2064, 76 L. Ed. (2d) 221 (1983).

Here, no determination was made as to why Barlet had not complied with probation terms. Deprivation of his conditional freedom without the finding of a willful violation contravenes the Fourteenth Amendment's due process requirement. *Bearden, supra.*

We hold that the PCR judge erred in denying post-conviction relief.

Reversed and remanded.