Harvey Lee NICHOLS, Petitioner v. STATE of South Carolina, Respondent.

(417 S.E. (2d) 860)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey,* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zalenka,* and *Staff Atty. Marshall Prince,* Columbia, *for respondent.*

Submitted April 23, 1991.

Decided May 11, 1992.

FINNEY, Justice:

This Court granted certiorari to review the circuit court's denial of postconviction relief (PCR) to Petitioner Harvey Lee Nichols. After fully considering the record, briefs of the parties and the applicable law, we reverse and remand.

On February 22, 1988, the petitioner appeared before Judge Rodney A. Peeples in the Court of General Sessions for Barnwell County and entered guilty pleas to two counts of forgery.

The petitioner was sentenced to six months in prison on the first count. On the second count, he was given a consecutive sentence of imprisonment for seven years, suspended to service of one year, probation for twenty months and restitution as a special condition of probation. Petitioner was represented by Assistant Public Defender Michael Ogburn.

On July 20, 1989, the petitioner was taken before Judge Frank Eppes in the Court of General Sessions for Aiken County for a probation revocation hearing on a warrant asserting he had failed to make restitution payments. Petitioner was represented by Public Defender William Yarborough. Under questioning from the judge, the petitioner stated that he did not leave the jurisdiction, that he was "dodging the man" because he didn't have a job to pay restitution, and thought he would be put back in jail if he went to talk with the probation officer. Other than the following exchange between the court and defense counsel, the hearing record reflects no other testimony, evidence, statements or arguments by petitioner's counsel or counsel for the state nor findings of fact by the court. After the petitioner's statement, the court inquired and received the following response from defense counsel:

> The Court: Mr. Yarborough, did you find out any unusual thing about him?
> Mr. Yarborough: That's basically what he tells me, Your Honor. That he didn't go see him because he couldn't find a job and it just got to be a—

Whereupon the court issued its order revoking petitioner's probation.

The petitioner filed an application for PCR dated September 29, 1989, seeking a sentence reduction on grounds that he 1) did not understand the consequences of his guilty plea; 2) did not understand the terms of his probation; and 3) had ineffective assistance of counsel.

An evidentiary hearing was held before Judge Rodney Peeples in the Court of Common Pleas for Aiken County on February 1, 1990. The petitioner was represented by court-appointed Attorney William Sussman. Petitioner's PCR counsel moved to amend the application by adding, as an additional ground for PCR, that no evidence was presented by the state at the revocation hearing; thereby failing to meet its burden

of proof and denying the petitioner the right to confrontation. The court granted the motion. On March 13, 1990, the court issued its order denying PCR on the grounds that the applicant had failed to prove his allegation of ineffective assistance of counsel, had failed to establish that his guilty plea was involuntary, or that he was otherwise entitled to relief.

Petitioner appealed from the findings and rulings of the PCR judge by the Notice of Intent to Appeal dated February 7, 1990.

We address only the issues arising from petitioner's probation revocation hearing. To prove ineffective assistance of counsel, a petitioner must show 1) that counsel's performance was deficient; and 2) that petitioner was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985).

Probation may not be revoked solely for failure to make required payments of fines or restitution without the court first making a determination on the record that a probationer has not made a bona fide effort to pay. In the absence of such a determination, a defendant's due process rights are contravened by the deprivation of his conditional freedom. *See Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. (2d) 221 (1983); *Barlet v. State*, 288 S.C. 481, 343 S.E. (2d) 620 (1986).

The petitioner flatly asserted his inability to pay restitution because he was unemployed and that he thought he would be put in jail if he went to talk with the probation officer. The record is devoid of any further showing as to the validity of petitioner's assertions with regard to his efforts and inability to pay or his understanding of the terms of probation supervision. Based upon the bare allegation of failure to pay restitution, and without a judicial determination as to whether or not the petitioner had willfully failed to comply with the terms of probation, the court revoked his probation.

We conclude that the performance of petitioner's counsel in the probation revocation proceeding was below the level of reasonable competence and that the petitioner was denied effective assistance of counsel. Additionally, we find that petitioner was prejudiced thereby in that he was deprived of his conditional freedom without a proper showing

338

on his behalf or a judicial determination that he willfully violated the terms of probation.

Accordingly, we reverse the judgment of the PCR court and remand the case for a de novo probation revocation hearing.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.