511 S.E.2d 94

**The STATE, Respondent,**

v.

**Isaac HAMILTON, Appellant.**

**No. 2922.**

Court of Appeals of South Carolina.

Submitted Dec. 8, 1998.

Decided Jan. 4, 1999.

---

644

Assistant Appellate Defender M. Anne Pearce, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General Caroline Callison Tiffin, all of Columbia; and Solicitor David P. Schwacke, of North Charleston, for respondent.

HEARN, Judge:

This is an appeal from an order revoking Isaac Hamilton's probation and reinstating a portion of his original suspended sentence. Hamilton appeals, arguing his violation was not willful. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

On March 22, 1994, Hamilton pled guilty to driving under suspension, fourth offense, and to violating the habitual offender law.[2] Hamilton was sentenced to five years for the habitual offender violation, suspended upon the service of seventy-five days and eighteen months probation. He received a six month concurrent sentence for DUS, suspended upon the service of eighteen months probation.

On September 19, 1995, Hamilton was charged with violating the terms and conditions of his probation by failing to pay $280 in supervision fees and failing to report to his probation

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Although the sentence sheet indicates DUS, third, the indictment indicates DUS, fourth.

officer. At the first probation revocation hearing, held on October 18, 1995, the circuit judge ordered Hamilton to complete seventy hours of public service employment (PSE) in lieu of paying the fee arrearage.[3] The judge continued Hamilton's probation and extended the probationary period until September 21, 1996. The judge further ordered that the "case may terminate upon the completion of the [PSE] or the payment of supervision fee arrearage."

Hamilton never again reported to his probation officer, and was terminated from PSE after performing only forty-five of the required seventy hours. Thus, on February 26, 1996, Hamilton was again charged with violating the terms and conditions of his probation by failing to report to his probation agent, by failing to pay supervision fees, and by completing only forty-five of the seventy hours of PSE.

Hamilton's second probation revocation hearing was held on September 3, 1996. Defense counsel explained that Hamilton was a fifty year old Vietnam veteran under treatment for memory loss at the Veterans Administration Hospital. Defense counsel conceded that Hamilton had performed only forty-five hours of the community service requirement. Although defense counsel explained that Hamilton was under the impression that his probation ended in October of 1995, which was why he stopped reporting,[4] Hamilton admitted that no one ever advised him that his probation had terminated.

Defense counsel requested termination of probation, and Hamilton's probation officer did not object to the request. However, the circuit judge declined to terminate Hamilton's probation, finding instead that Hamilton had intentionally violated the conditions of his probation by making a unilateral decision to end his own probation rather than report as ordered. Hamilton's probation was revoked in full, and he was ordered to serve nine months concurrently on each of the original suspended sentences.

---

3. Hamilton had already received a $200 supervision fee conversion to fifty hours of PSE. At the first revocation hearing, an additional $80 was converted to twenty hours of PSE for a total of seventy hours.

4. It appears that Hamilton's probation was originally scheduled to expire in September 1995. However, the circuit judge extended probation until September 1996 at the first probation revocation hearing.

On September 12, 1996, defense counsel filed a motion for reconsideration, contending that there was no evidence Hamilton's violations were willful. At the hearing on the motion to reconsider, defense counsel offered to produce medical records substantiating Hamilton's diagnosis of post-traumatic stress disorder as well as a clinical history of alcohol abuse, both of which resulted in Hamilton's confusion, disorientation, and memory loss.[5] Defense counsel maintained that Hamilton's medical condition contributed to his mistaken belief that his probationary period had ended. Hamilton's daughter testified that Hamilton had once wandered away from home and failed to recognize her when she found him. Hamilton's daughter further testified that Hamilton had been hospitalized previously, and was undergoing outpatient therapy at the Veterans Administration Hospital at the time of his arrest.

The circuit judge denied Hamilton's motion for reconsideration, finding the violations were willful. This appeal followed.

## STANDARD OF REVIEW

The decision to revoke probation is addressed to the discretion of the circuit judge. *State v. White*, 218 S.C. 130, 135–6, 61 S.E.2d 754, 756 (1950); *see also* S.C.Code Ann. § 24–21–460 (Supp.1997); *Sanders v. MacDougall*, 244 S.C. 160, 164, 135 S.E.2d 836, 837 (1964); *State v. Miller*, 122 S.C. 468, 475, 115 S.E. 742, 745 (1923). This court's authority to review such a decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the circuit judge's decision was arbitrary and capricious. *White* at 135–6, 61 S.E.2d at 756; *State v. Archie*, 322 S.C. 135, 137–8, 470 S.E.2d 380, 381 (Ct.App.1996).

## DISCUSSION

### I.

Hamilton first argues that the circuit judge erred in revoking his probationary sentence because there was no evidence that he "willfully" violated the terms and conditions of his probation. Hamilton maintains that the evidence of his

---

5. Hamilton's medical records are not included in the record on appeal.

medical condition removes any inference that his violations were willful. We disagree.

 Initially, we note that it is questionable whether this issue is preserved for appeal. At the probation revocation hearing, defense counsel did not specifically raise the issue of willfulness, or lack thereof, based upon Hamilton's medical condition.[6] *See State v. Conyers*, 326 S.C. 263, 266, 487 S.E.2d 181, 183 (1997) (issue must be raised to and ruled upon by trial judge to be preserved for appellate review). Defense counsel did raise the issue in the motion for reconsideration of the sentence; however, it is improper to argue new matter in a motion for reconsideration. *See Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct.App.1995) (issue may not be raised for first time in post-trial motion). Nevertheless, it is clear that the essence of defense counsel's argument at the revocation hearing was that the violation was not willful because Hamilton believed his probationary period had terminated. The circuit judge ruled that the violation was "intentional." Thus, we find the issue is properly preserved even though counsel did not expressly argue lack of willfulness at the revocation hearing.

Both Hamilton and the State assume on appeal that the circuit judge was required to find willfulness in this case.[7] However, this assumption misinterprets South Carolina case law.

 Probation is a matter of grace; revocation is the means to enforce the conditions of probation. *State v. McCray*, 222 S.C. 391, 396, 73 S.E.2d 1, 3 (1952); *State v. White*, 218 S.C. 130, 135, 61 S.E.2d 754, 756 (1950). However, the authority of the revoking court should always be predicated upon an evidentiary showing of fact tending to establish a violation of the conditions. *White*, at 135, 61 S.E.2d at 756; *State v. Miller*, 122 S.C. 468, 475, 115 S.E. 742, 745 (1923). Thus, before revoking probation, the circuit judge must deter-

---

6. Although the issue was not specifically raised to the circuit judge, he did rule on the issue in finding that the violation was "intentional."

7. Indeed, from our review of the record, it appears that both defense counsel and the circuit judge believed that a finding of willfulness was necessary.

mine if there is sufficient evidence to establish that the probationer has violated his probation conditions.

 It is only when probation is revoked *solely* for failure to pay fines or restitution that a finding of willfulness is mandatory. In *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Supreme Court reasoned that the state has a fundamental interest in punishing those who violate its criminal laws, both rich and poor, and that poverty does not immunize a person from being appropriately punished for a crime. *Id.* A probationary sentence reflects a decision by the court that the state's penal goals do not require imprisonment for rehabilitation. *Id.* Thus, a probationer whose sole violation consists of nonpayment of fines or restitution, and who is willing but unable to pay, should not be penalized for being poor. *Id.* However, a probationer who willfully neither pays nor makes a bona fide effort to pay indicates that the original probationary sentence was inappropriate and that imprisonment is the preferred method of rehabilitation. *Id.* Only when there is a willful violation for failure to pay is the court justified in using imprisonment as a sanction to enforce collection of the fine or restitution. *Id.*

 In response to *Bearden,* our courts have held that probation may not be revoked *solely* for failure to make required payments of fines or restitution without the circuit judge first determining on the record that the probationer has failed to make a bona fide effort to pay. *Nichols v. State,* 308 S.C. 334, 337, 417 S.E.2d 860, 862 (1992); *Barlet v. State,* 288 S.C. 481, 483, 343 S.E.2d 620, 622 (1986). In the absence of such a determination, a defendant's due process rights are contravened by the deprivation of his constitutional freedom. *Bearden,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221; *Nichols* at 337, 417 S.E.2d at 862; *Barlet* at 483, 343 S.E.2d at 622. Therefore, in those cases involving the failure to pay fines or restitution, the circuit judge must, in addition to finding sufficient factual evidence of the violation, make an additional finding of willfulness.

In this case, Hamilton was charged with failure to report to his probation agent and failure to perform PSE. Therefore, the circuit judge was not required to find evidence of willful-

ness.[8] Defense counsel conceded that Hamilton had failed to report and had failed to complete his PSE requirements. A sufficient factual basis supports the circuit judge's decision that Hamilton breached the conditions of his probation. Accordingly, he did not abuse his discretion in revoking Hamilton's probation.

## II.

Hamilton also argues that the circuit judge erred in revoking his probationary sentence because defense counsel had reached an agreement with Hamilton's probation officer that termination of probation was the appropriate remedy. We find no error.

In the context of plea negotiations, the decision to accept or reject a plea bargain agreement is within the sound discretion of the circuit judge. *See State v. Gates*, 299 S.C. 92, 95, 382 S.E.2d 886, 887 (1989); *Clark v. State*, 321 S.C. 377, 381, 468 S.E.2d 653, 656 (1996) (only after acceptance of a plea bargain is the court bound to honor the agreement); *see also State v. Rhinehart*, 312 S.C. 36, 39, 430 S.E.2d 536, 538 (Ct.App.1993) (court is bound to honor its promise to enforce a plea agreement only after the court has accepted the agreement). We believe this same rule applies to agreements between defense counsel and a probation officer concerning the disposition of probation violations. Therefore, the circuit judge was not bound in this case by the agreement. Accordingly, he did not err in failing to follow the agreed upon recommendation to terminate Hamilton's probation.[9]

## III.

Hamilton also argues that the circuit judge lacked authority to reinstate a nine month term of imprisonment for

8. We note, however that the circuit judge found that Hamilton's violations were both intentional and willful.

9. Hamilton argues that because the probation agent agreed to termination, the state cannot now take a conflicting position on appeal. However, we do not believe that the opinion of the probation agent is binding upon the state, thereby preventing the state from taking an opposing position on appeal.

DUS because the original suspended term was only six months. This issue is not preserved for appeal because the illegality of the sentence was not raised below. *State v. Johnston,* 327 S.C. 435, 489 S.E.2d 228 (Ct.App.1997) *cert. granted* April 22, 1998 (a sentence which exceeds the maximum allowable is not a question of subject matter jurisdiction; thus, unless an objection was made below, the issue is not preserved for review).

For the foregoing reasons, the trial judge's ruling is

**AFFIRMED.**

CONNOR and HUFF, JJ., concur.