THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Janice Denise Brown,       
Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2003-UP-243
Submitted January 29, 2003  Filed April 
 1, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia, 
 for Appellant.
Deputy Director for Legal Services Teresa A. Knox,  Legal 
 Counsel Tommy Evans, Jr. and Legal Counsel J. Benjamin Aplin, all of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  In July 1998, Janice Denise 
 Brown pled guilty to child neglect and was sentenced to ten years imprisonment, 
 suspended upon service of five years probation.  At a probation revocation hearing 
 in November 2001, the trial judge revoked three years of Browns suspended sentence.  
 Brown appeals.
FACTS
Brown was indicted for child neglect when, after giving birth 
 to her daughter at the hospital, both she and the child tested positive for 
 cocaine.  Brown pled guilty.  The trial judge attached several conditions to 
 her sentence:  (1) drug counseling, (2) remaining drug free, (3) random drug 
 tests, and (4) thirty days PSE (public service employment).  Brown did not file 
 a direct appeal.
At Browns revocation hearing, the State alleged the following 
 probation violations:  (1) failure to follow advice and instructions of supervising 
 agent, (2) failure to remain drug free  as provided in the original sentence 
  by testing positive for cocaine, (3) failure to report to supervising agent, 
 and (4) failure to pay supervision fees.  Brown admitted the alleged violations 
 were true.  Though not citing it by name, defense counsel stated that, after 
 the United States Supreme Courts decision in Ferguson v. City of Charleston, [1] Brown would have a pretty legitimate 
 post conviction relief case.  However, counsel did not argue that, based 
 on Ferguson, Browns conviction should be reversed.  The trial judge 
 revoked three years of Browns suspended sentence.  
STANDARD OF REVIEW
The decision to revoke probation is in the discretion 
 of the circuit court judge.  State v. Hamilton, 333 S.C. 642, 511 S.E.2d 
 94 (Ct. App. 1999).  This [C]ourts authority to review such a decision is 
 confined to correcting errors of law unless the lack of legal or evidentiary 
 basis indicates the circuit judges decision was arbitrary and capricious.  
 Id. at 647, 511 S.E.2d at 96.
LAW/ANALYSIS
Brown argues the underlying conviction 
 is invalid because of the United States Supreme Court decision in Ferguson 
 v. City of Charleston.  As such, Brown contends the trial judges order 
 revoking her sentence should be vacated and her original conviction reversed.  

Initially, we note this issue was neither 
 raised to nor ruled upon by the trial judge at the probation revocation hearing.  
 As such, it is not preserved for review by this court.  State v. Nichols, 
 325 S.C. 111, 120-21, 481 S.E.2d 118, 123 (1997) (issue may not be raised for 
 first time on appeal, but must have been raised to trial judge to be preserved 
 for appellate review).
Regardless, there is insufficient evidence 
 in the record to determine the factual basis of Browns guilty plea.  As we 
 do not know the circumstances surrounding Browns drug test  such as, for example, 
 whether consent was given  we are unable to conclude whether the subsequent 
 search was lawful.  See State v. Hutto, 279 S.C. 131, 132, 303 
 S.E.2d 90, 91 (1983) (appellant has burden of presenting adequate record which 
 is sufficiently complete to permit review).  Accordingly, based upon the record 
 before this court, in which Brown admits the alleged probation violations, the 
 trial judge did not err in revoking Browns suspended sentence.
CONCLUSION
Based upon the foregoing, the lower courts order revoking 
 three years of Browns suspended sentence is 
AFFIRMED.
HEARN, C.J., GOOLSBY and SHULER, JJ., concur.

 
 [1] 532 U.S. 67, 121 S. Ct. 1281, 149 L. Ed. 2d 205 
 (2001).