THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Kenneth Gregory,       
Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No.2003-UP-743
Submitted October 15, 2003  Filed December 
 17, 2003

AFFIRMED

 
 
 
Stephen D. Schusterman, of Rock Hill, for Appellant
Deputy Director for Legal Services Teresa A. Knox, Legal Counsel 
 Tommy Evans, Jr. and Legal Counsel J. Benjamin Aplin, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Judge Hays revoked in full Appellants 
 probation because Appellant was convicted of possessing marijuana and moved 
 to Texas without informing his supervising agent. We affirm. 
FACTS      
Appellant Kenneth Gregory was given a 15-year sentence 
 on a burglary second degree (violent) charge in 1997. (R.10). That sentence 
 was to be suspended on the service of four years, followed by three years of 
 probation. (Id.). In October 1999, York County issued a warrant for Appellant, 
 alleging that Appellant violated his probation when he failed to obey his supervising 
 agent, absconded to Texas, was convicted of simple possession of marijuana, 
 and failed to pay the ordered restitution and supervision fee. (R.6). Judge 
 Hayes held a probation revocation hearing on January 6, 2003. (R.9). Appellant 
 admitted that he possessed marijuana and that he had gone to Texas, but explained 
 that it was because of his job. (R.11, 12). Appellant also admitted that he 
 had not paid the supervision fee, but claimed that restitution was almost complete. 
 (R.12). The judge revoked Appellants probation in full. (R.13).
ISSUE 
Did the trial court err in revoking Appellants 
 probation, violating his Fourteenth Amendment rights?
ANALYSIS 
Probation is a matter of grace; revocation is the means 
 to enforce the conditions of probation. State v. Hamilton, 333 S.C. 
 642, 648, 511 S.E.2d 94, 97 (Ct. App. 1999). That decision is within the discretion 
 of the trial judge, but the judge must [first] determine if there is sufficient 
 evidence to establish that the probationer has violated his probation conditions.  
 Id.   
At the hearing, Appellant admitted that he had gone to Texas. 
 He argues that he had informed his supervising agent, but the record does not 
 reflect that Appellant asked for permission to leave South Carolina. Appellant 
 also admitted that he was in possession of marijuana while on probation. Based 
 on that evidence, the trial judge found that Appellant had not changed and continued 
 to be in pretty severe trouble. 
 [1] (R.13). That evidence was sufficient to find that Appellant had violated 
 his probation, so the trial judge did not violate Appellants Fourteenth Amendment 
 rights. There was no error. Counsels motion for relief is granted.
AFFIRMED.
HUFF, STILWELL AND BEATTY, JJ., concur.

 
 [1] Appellant correctly argues that the trial judge 
 must first determine that a non-payment is willful before using it as revocation 
 ground. See Hamilton, 333 S.C. at 649, 511 S.E.2d at 97. However, 
 the trial judge in this case did not seem to rely on the non-payment to revoke 
 Appellants probation.