THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Mammie Lee Griffin,       
Appellant.
 
 
 

Appeal From Greenwood County
Wyatt T. Saunders, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-165
Submitted January 29, 2004  Filed 
 March 15, 2004

 
AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia, 
 for Appellant.
Deputy Director for Legal Services Teresa A. Knox, Legal 
 Counsel Tommy Evans, Jr. and Legal Counsel J. Benjamin Aplin, all of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  Mammie Lee Griffin appeals, 
 contending the sentencing court abused its discretion by revoking her probation 
 solely for failure to pay fines and restitution.  Having concluded oral argument 
 would not aid the court in resolving the issue raised by Griffin, we decide 
 this case without oral argument pursuant to Rule 215, SCACR, and affirm pursuant 
 to Rule 220(b)(2), SCACR, because the point raised by her is manifestly without 
 merit.  See State v. Hamilton, 333 S.C. 642, 647, 511 S.E.2d 94, 
 96 (Ct. App. 1999) (holding the decision to revoke probation is committed to 
 the discretion of the sentencing court and the review of the court of appeals 
 is limited to correcting errors of law unless the lack of a legal or factual 
 basis indicates the sentencing judge acted arbitrarily or capriciously); Bearden 
 v. Georgia, 461 U.S. 660, 672 (1983) (If the probationer willfully refused 
 to pay or failed to make sufficient bona fide efforts legally to acquire the 
 resources to pay, the court may revoke probation and sentence the defendant 
 to imprisonment within the authorized range of its sentencing authority.); 
 Barlet v. State, 288 S.C. 481, 483, 343 S.E.2d 620, 622 (1986) (Probation 
 may not be revoked solely on the ground the probationer failed to pay 
 fines or to make restitution.  The judge must determine on the record that the 
 probationer failed to make a bona fide effort to pay.).  
AFFIRMED.
GOOLSBY, HOWARD, and KITTREDGE, JJ., concur.