THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d), SCACR.
THE STATE OF SOUTH 
 CAROLINA
 In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 

v.
 
 
 
 
 Quasay Yusas Thomas, 
 Appellant. 
 
 
 

Appeal From Union County
  Lee S. Alford, Circuit Court 
 Judge

Unpublished Opinion 
 No. 2004-UP-300
 Submitted February 20, 2004 
  Filed May 5, 2004

AFFIRMED

 
 
 
 
 Assistant Appellate Defender 
 Aileen P. Clare, of Columbia, for Appellant. 
 Deputy Director for Legal 
 Services Teresa A. Knox; Legal Counsel Tommy Evans, Jr.; and Legal Counsel 
 J. Benjamin Aplin, S.C. Dept. of Probation, Parole, and Pardon Services, 
 all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Quasay Yusas 
 Thomas appeals the revocation of his probation.  We affirm.
Thomas pled guilty on April 25, 2002 
 to contributing to the delinquency of a minor.  He had been indicted for criminal 
 sexual conduct with a minor, second degree.  The plea court sentenced him to 
 a three-year term of imprisonment, but suspended the sentence upon his service 
 of six months imprisonment or the payment of a three-hundred-dollar fine and 
 the service of two-years probation. 
Twelve months later, following the 
 issuance of a probation citation charging Thomas with violating the terms of 
 his probation, the sentencing court conducted a hearing on May 15, 2003 and 
 revoked his probation in full.  The probation citation cited Thomas, inter 
 alia, with failing to report in December, January, and February to his 
 probation officer as instructed, testing positive for marijuana on March 25, 
 2003 for the third time, and failing to pay a court-ordered fine and a supervision 
 fee, all in violation of the conditions of his probation.  With particular reference 
 to his using marijuana, Thomas stated in response to a question from the sentencing 
 court as to whether he could pass a drug test, Well, sir, I havent smoked 
 any marijuana in a month.  Among the standard conditions of Thomas probation, 
 which the sentencing court found he violated, was the condition that requires 
 a probationer to refrain from the violations of any state or federal penal 
 laws. S.C. Code Ann. § 24-21-430(1) (Supp. 2003).  
We decide this case without oral 
 argument pursuant to Rule 215, SCACR, and affirm pursuant to Rule 220(b)(2), 
 SCACR, because the challenge leveled by Thomas at the revocation of his probation 
 is manifestly without merit. See State v. Hamilton, 333 S.C. 642, 
 647, 511 S.E.2d 94, 96 (Ct. App. 1999) (holding the decision to revoke probation 
 is committed to the discretion of the sentencing court and the review of the 
 court of appeals is limited to correcting errors of law unless the lack of a 
 legal or factual basis indicated the sentencing judge acted arbitrarily or capriciously); 
 Barlet v. State, 288 S.C. 481, 483, 343 S.E.2d 620, 622 (1986) (Probation 
 may not be revoked solely on the ground the probationer failed to pay 
 fines or to make restitution.); 24 C.J.S. Criminal Law §1561, at 154 
 (1989) (A violation of the terms, or even one of the terms, of probation is 
 sufficient ground for revocation and [a] judge may revoke probation when reasonably 
 satisfied that a state . . . law has been violated, and conviction is not essential); 
 S.C. Code Ann. § 44-53-370(c) (2002) (making possession of marijuana a criminal 
 offense in South Carolina).  
AFFIRMED.       
GOOLSBY,  HOWARD, AND KITTREDGE, 
 JJ., concur.