THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Leonard A. Carter, Appellant.
 
 
 

Appeal From Florence County
 Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2005-UP-615
Submitted December 1, 2005  Filed December 8, 2005

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, Office of Appellate Defense, of Columbia, for Appellant
Legal Director Teresa A. Knox, Legal Counsel J. Benjamin Aplin and Legal Counsel Tommy Evans, Jr., all of Columbia, for Respondent.
 
 
 

PER CURIAM:  This is an appeal from a revocation of Leonard A. Carters probation.  Concerning the underlying offense, Carter appeared without counsel and pled guilty to one count of larceny less than five thousand dollars.  He was sentenced to five years, suspended upon service of ninety days, five years probation, concurrent to any other sentence he was serving, and was ordered to pay restitution.  Carter subsequently violated the conditions of his probation.  Carter, with the assistance of counsel, admitted the violations, and the court revoked his probation.  Carter appeals the probation revocation on the basis that he did not properly waive counsel at the underlying guilty plea.  This argument was not presented to the court at the probation revocation hearing. Carters counsel at the revocation hearing merely alluded to Carters prior, uncounseled plea and asked for leniency.  Since the ground argued on appeal was not raised at the revocation hearing, it is not preserved for direct appellate review.  We affirm pursuant to Rule 220(b)(2), SCACR, and the following authority:  State v. Hamilton, 333 S.C. 642, 648, 511 S.E.2d 94, 96 (Ct. App. 1999) (holding that to preserve an issue for appellate review, the issue must be raised to and ruled upon by the revocation judge).[1]
AFFIRMED.
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.