THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Robert Anthony
 Hawkins, Appellant.
 
 
 

Appeal From Anderson County
 Paul M. Burch, Circuit Court Judge
Unpublished Opinion No.  2008-UP-294
Submitted June 1, 2008  Filed June 5,
 2008
AFFIRMED

 
 
 
 Chief Appellate Defender Joseph L. Savitz, III , of Columbia, for Appellant.
 Deputy Director Teresa A. Knox, Tommy Evans, Jr. and J. Benjamin
 Aplin of the South Carolina Dept. of Probation, Parole and Pardon Services, all
 of Columbia, for Respondent.
 
 
 

PER CURIAM:  Appellant,
 Robert Anthony Hawkins, appeals the partial revocation of his probation,
 asserting there was an insufficient evidentiary basis to establish that he
 violated the conditions of his probation.  We affirm.[1]
FACTUAL/PROCEDURAL
 BACKGROUND
Hawkins
 pled guilty in September 2003 to possession of a stolen vehicle and being a
 habitual traffic offender.  He was sentenced to concurrent terms of ten years
 suspended upon service of eighteen months with five years of probation for the
 vehicle charge, and five years suspended upon service of eighteen months with
 five years of probation on the habitual offender charge.  A probation arrest
 warrant was issued on September 12, 2006, charging Hawkins with failing to
 follow the advice and instructions of his supervising agent by failing to complete
 intake as instructed, as Hawkins left prior to completion of intake and did not
 return.  It further charged Hawkins changed addresses without consent from his
 agent, failed to notify his agent of his whereabouts, thereby absconding from
 supervision, and failed to pay his supervision fees, being $160.00 in arrears
 at that time.  
A
 probation revocation hearing was held on October 19, 2006, at which time
 Hawkins informed the court he did not agree with the violations.  The probation
 agent stated Hawkins reported for his initial intake after being released on a
 previous revocation, but that he left before completing his initial intake. 
 His agent followed up by trying to confirm his residence and whereabouts, but
 was not able to do so.  Hawkins maintained that on September 5, 2006, he
 reported, signed in, and sat in the auditorium where he waited from 9:15 until
 1:00.  He stated he had a job interview scheduled for 2:00, so he had to
 leave.  He stated he had been jailed on this matter since September 25, 2006.  
As
 to the alleged arrearage in fees, Hawkins stated that he had only been out [of
 jail] four days from his most recent revocation service, and since the fee was
 $40 a month, he could not already be in arrears in the amount of $160.  When
 asked by the court to explain the arrearage figures, the probation agent
 stated, the only thing I can think is on his revocations, he still had
 arrearages, and that when Hawkins went to jail for the prior revocation,
 those arrearages followed him.  Hawkins attorney argued Hawkins was
 previously revoked for having an arrearage, and the State was attempting to
 show a violation for the same arrearage on which he had already had his
 probation revoked.  The agent then stated they were not charging him with arrearage,
 but with the fact that Hawkins showed up for his intake but decided to leave
 and had no further contact, and that the agent was thereafter unable to track
 him down at a current residence.  
The
 circuit court found Hawkins should not have left the auditorium to go check on
 a job.  It then revoked twenty-five days of Hawkins suspended sentences on
 both charges, with credit for time served of twenty-five days.  
STANDARD
 OF REVIEW
The
 determination of whether to revoke probation in whole or part rests within the
 sound discretion of the trial court.  State v. Allen, 370 S.C. 88, 94,
 634 S.E.2d 653, 655 (2006).  This court will not reverse the trial courts
 decision unless that court abused its discretion.  Id.   

 An abuse
 of discretion occurs when the trial courts ruling is based upon an error of
 law, such as application of the wrong legal principle; or, when based upon
 factual conclusions, the ruling is without evidentiary support; or, when the
 trial court is vested with discretion, but the ruling reveals no discretion was
 exercised; or when the ruling does not fall within the range of permissible
 decisions applicable in a particular case, such that it may be deemed arbitrary
 and capricious.

Id.
LAW/ANALYSIS
On appeal, Hawkins asserts the circuit court
 committed reversible error in revoking his probation because the probation
 agent failed to provide a sufficient evidentiary basis to establish he violated
 the conditions of his probation.  We disagree.
In deciding whether to revoke probation, [t]he trial
 court must determine whether the State has presented sufficient evidence to
 establish that a probationer has violated the conditions of his probation.  Allen,
 370 S.C. at 94, 634 S.E.2d at 655.

 Probation is a matter of grace;
 revocation is the means to enforce the conditions of probation.  However, the
 authority of the revoking court should always be predicated upon an evidentiary
 showing of fact tending to establish a violation of the conditions.  Thus,
 before revoking probation, the circuit judge must determine if there is
 sufficient evidence to establish that the probationer has violated his
 probation conditions.  

State v. Hamilton,
 333 S.C. 642, 648-49, 511 S.E.2d 94, 97 (Ct. App. 1999) (citations omitted). 
Hawkins points to the courts observation that
 Hawkins case was too complicated, as evidence of a lack of evidentiary
 support that Hawkins violated the terms of his probation.  However, a review of
 the record indicates the court was speaking to the confusion over the monetary
 figures discussed regarding possible arrearage stating, Weve got to have this
 all checked out, and I want a full audit of his money situation.  Hawkins
 admitted he failed to stay to complete his initial probation intake.  Further,
 he offered no explanation for his failure to notify his agent of an address
 change and his whereabouts. Thus, there is sufficient evidence to establish
 that he violated his probation conditions.
For the foregoing reason, the circuit courts ruling
 is
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.