THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Theron J.
 Bartell, Claimant, Appellant,
 v.
 Francis Marion University, Employer, and State Accident Fund,
 Carrier, Respondents.
 
 
 

Appeal From Florence County
 Thomas A. Russo, Circuit Court Judge
Unpublished Opinion No. 2008-UP-552    
Submitted October 1, 2008  Filed October
 9, 2008
AFFIRMED

 
 
 
 Theron
 J. Bartell, pro se, for Appellant.
 Samuel T. Brunson, of Florence; and Cynthia B. Polk, of Columbia, for Respondents.
 
 
 

PER CURIAM: Theron J. Bartell sustained three shoulder injuries
 while employed by Francis Marion University. He sought and received workers
 compensation for these injuries.  Bartell now appeals the circuit courts order
 affirming the Appellate Panel of the Workers Compensation Commissions
 findings that Bartell has received full compensation for his injuries, arguing
 the Appellate Panels findings were unsupported by substantial evidence.  We
 affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.  
1.  As
 to the question whether the circuit court erred
 in finding substantial evidence supported the Appellate Panels finding Bartell
 had received all weekly benefit payments ordered by the single commissioner:  S.C. Code Ann. § 42-9-260(E) (Supp. 2007) (An
 employer may request a hearing at any time to address termination or reduction
 of temporary disability payments.); Curiel v. Envtl. Management Servs. (MS),
 376 S.C. 23, 29, 655 S.E.2d 482, 485 (2007) (providing reaching maximum medical
 improvement ends a disabled employees entitlement to temporary total
 disability payments).  
2.  As to whether the circuit court
 erred in finding substantial evidence
 supported the appellate panels finding that Francis Marion University and the
 State Accident Fund were not liable to pay Dr. Joseph Healys outstanding
 bill:  State v. Hamilton, 333 S.C. 642, 651,
 511 S.E.2d 94, 98 (Ct. App. 1999) (holding an issue not raised to and ruled
 upon by the circuit court is not preserved for appellate review); Rule 210(c),
 SCACR (The Record shall not . . . include matter which was not presented to
 the lower court or tribunal.); Rule 210(h), SCACR (limiting appellate review
 to facts appearing in the Record on Appeal).    
3.  As to whether the circuit court
 erred in declining to award interest on
 the unpaid permanent partial and disfigurement benefits:  Mathis v. S.C.
 State Highway Dept, 260 S.C. 344, 346, 195 S.E.2d 713, 714-15 (1973)
 (holding an issue is moot when a judgment rendered by the court will have no
 practical legal effect upon an existing controversy because an intervening
 event renders any grant of effectual relief impossible for the reviewing court,
 and a court will not decide moot or academic questions).  
AFFIRMED.
SHORT,
 THOMAS, and PIEPER, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.