THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 John Robert
 Faust, Appellant.
 
 
 

Appeal From York County
 Larry R. Patterson, Circuit Court Judge
Unpublished Opinion No.  2009-UP-157
Heard March 3, 2009  Filed March 30, 2009
VACATED AND REMANDED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 John Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM:  John
 Robert Faust (Faust) appeals the revocation of his probation for failure to
 make restitution payments, arguing the circuit court judge failed to make a
 determination on the record that Faust's failure to pay was willful.  We vacate
 and remand.   

FACTS/PROCEDURAL HISTORY
Faust
 pled guilty to third-degree burglary in August 2003.[1] 
 The circuit court judge sentenced him under the Youthful Offender Act to a
 sentence not to exceed five years, suspended with five years probation.  Additionally,
 the circuit court judge ordered Faust to pay restitution in the amount of
 $7,000, attend substance abuse counseling, comply with random alcohol and drug
 testing, obtain a GED, and avoid contact with the victim.  Faust did not appeal
 his guilty plea or sentence.  
In
 July 2005, a probation arrest warrant was issued for Faust alleging he failed
 to follow the advice and instructions of his probation agent, failed to
 maintain monetary obligations, and was in arrears in restitution payments.  The
 warrant stated, "Such actions constitute willful violations of . . . the
 original probationary agreement."  A South Carolina Department of
 Probation, Parole and Pardon Services Violation Report (the Report) indicated
 the probation agent recommended revocation of probation because Faust did not
 comply with his financial obligations.  The Report further stated Faust's case
 had previously been transferred to Pennsylvania but had been closed after Faust
 changed his residence and his family would not disclose his current location. 
 The Report indicated Faust "absconded supervision" and was only
 located in the community because of his involvement in a traffic stop.  
At
 the probation revocation hearing, Faust's counsel stated he was prepared
 "to address . . . the arrearage but as to [Faust's] . . . alleged reported
 failures and absconding to Pennsylvania [he had] no defense because [he did not]
 realize that was going to be an issue . . . ."  Consequently, the circuit
 court judge indicated he would only be ruling on Faust's failure to pay
 restitution.  As to that issue, the circuit court judge found it was Faust's
 "fault" he did not pay the restitution and, thus, revoked Faust's
 probation in full.  This appeal followed.       
STANDARD OF REVIEW
The decision to
 revoke probation is addressed to the sound discretion of the circuit court
 judge.  State v. Spare, 374 S.C. 264, 268, 647 S.E.2d 706, 708 (Ct. App.
 2007).  This Court, however, will review such a decision for errors of law or
 for arbitrary and capricious decisions.  Id.
LAW/ANALYSIS
Faust argues the circuit
 court judge erred in revoking probation solely for failure to pay restitution
 without first determining on the record that the failure to pay was willful. 
 Before adjudicating this claim, we must first address whether this issue is
 preserved for our review.   
For
 an issue to be preserved for appellate review, it must have been raised to and
 ruled upon by the circuit court.  State v. Rogers, 361 S.C. 178, 183,
 603 S.E.2d 910, 912 (Ct. App. 2004).  This rule is applicable to the issue of
 whether the failure to pay was willful, and therefore, the failure to raise the
 issue of willfulness at a probation revocation hearing waives the right to
 appeal that issue to this Court.  State v. Hamilton, 333 S.C. 642, 648,
 511 S.E.2d 94, 96-97 (Ct. App. 1999).     
At the probation
 revocation hearing, Faust's counsel acknowledged Faust owed a substantial
 amount of money on his restitution order but reminded the circuit court judge
 Faust had already paid approximately $2,600 towards that court-ordered
 obligation.  Faust's counsel also argued Faust "had a job in Pennsylvania
 with his uncle doing demolition work and was picked up [by the police] the day
 before he was 
suppose[] to start that job . . . ."  Faust's counsel
 further argued Faust was "more than willing to continue to try to
 pay" should the judge allow him to continue with his probation and work in
 Pennsylvania.  
In
 response, the circuit court judge stated, "[It is Faust's] fault that he
 [did not] pay the restitution and [that is] the reason he got probation.  So
 why has he not paid the restitution?"  Faust's counsel replied there was
 "perhaps a communication mix up" because Faust believed he had paid
 what was owed and even had receipts.  Faust, however, could not produce these
 receipts because they were in Pennsylvania.  The circuit court judge then stated,
 "I am revoking [probation] in full for failure to pay the restitution. . .
 . I am tired of those excuses."      
Although
 Faust never expressly raised the issue of willfulness, we find the essence of
 his defense at the revocation hearing was that his failure to continue payments
 toward his restitution obligation was not willful because of a possible
 miscommunication.  Furthermore, we find the circuit court judge implicitly
 ruled upon this argument when he found Faust's failure to pay was Faust's
 "fault" and Faust was just giving "excuses."  Thus, we find
 the issue is properly preserved for our review.  See id. at 648,
 511 S.E.2d at 97 (finding the issue of willfulness at a revocation hearing was
 raised to and ruled upon by the circuit court because the essence of the
 defendant's argument was "that the violation was not willful because [the probationer]
 believed his probationary period had terminated" and the judge ruled
 "that the violation was 'intentional'"); see also Pryor
 v. Nw. Apartments, Ltd., 321 S.C. 524, 528 n.2, 469 S.E.2d 630, 633 n.2
 (Ct. App. 1996) (finding an issue preserved when the circuit court implicitly
 ruled on and rejected the respondent's argument).  
Finding
 appellate review of Faust's claim appropriate, we now address the merits of the
 issue.  When deciding whether to revoke probation, the circuit court judge must
 determine whether sufficient evidence has been presented by the State to
 establish that the probationer violated the conditions of probation.  Spare,
 374 S.C. at 268, 647 S.E.2d at 708.  While probation is a matter of grace and
 revocation is the means by which to enforce its conditions, "the authority
 of the revoking court should always be predicated upon an evidentiary showing
 of fact tending to establish a violation of the conditions."  Id. 
In
 South Carolina, a probationer's probation "may not be revoked solely for failure to make required payments of fines or restitution without the circuit
 [court] judge first determining on the record that the probationer has
 failed to make a bona fide effort to pay."  Id. at 268-69, 647
 S.E.2d at 708 (second emphasis added).  The circuit court judge must make a
 finding that the probationer willfully failed to pay the restitution in
 addition to the findings of sufficient factual evidence of the violation.  Id. at 269, 647 S.E.2d at 708; see Barlet v. State, 288 S.C. 481,
 483, 343 S.E.2d 620, 622 (1986) ("The judge must determine on the record
 that the probationer failed to make a bona fide effort to pay [fines or to make
 restitution].").  "In the absence of such a determination, a
 defendant's due process rights are contravened by the deprivation of his
 constitutional freedom."  Hamilton, 333 S.C. at 649, 511 S.E.2d at
 97.    
This
 Court has held a "[w]illful failure to pay means a voluntary, conscious
 and intentional failure" on the part of the probationer.  Spare,
 374 S.C. at 269, 647 S.E.2d at 708-09.  "A proper analysis should include
 an inquiry into the reasons surrounding the probationer's failure to pay,
 followed by a determination of whether the probationer made a willful choice
 not to pay."  Id. at 269-70, 647 S.E.2d at 709.    
As
 to the present case, while we find the circuit court judge essentially
 addressed the willfulness of Faust's failure to pay the restitution by finding
 that failure was Faust's own "fault," the circuit court judge erred
 by failing to engage in an analysis on the record of the reasons surrounding
 Faust's failure to pay and by failing to make explicit findings on the record
 to support a conclusion that Faust's failure to pay was willful.  The record does
 not demonstrate the circuit court judge engaged in a meaningful discussion
 regarding Faust's ability to pay, his reasons for failing to pay, and whether
 his failure to pay was willful, as has been required by this Court.  See id. at 270, 647 S.E.2d at 709 ("[W]e believe the judge failed to
 make the requisite inquiry into [the probationer's] ability to pay, his reasons
 for failing to pay, and whether his failure to pay was willful.".  While we
 understand the circuit court judge's frustration with Faust's failure to
 continue making his restitution payments, we cannot hold the evidence provided
 in the record supports the circuit court judge's finding of willfulness.  
The
 failure to make a finding on the record that Faust's failure to pay the
 restitution was willful deprived Faust of his due process rights and
 constitutes a reversible error by the circuit court judge.  Accordingly, the circuit
 court judge committed reversible error in revoking Faust's probation, and we,
 therefore, vacate the revocation of Faust's probation and remand this case for
 a new probation revocation hearing.    
CONCLUSION
Based
 on the foregoing, the circuit court judge's order is
VACATED
 AND REMANDED.
HUFF,
 WILLIAMS, and KONDUROS, JJ., concur.   

[1] Faust was nineteen years old at the time he entered
 his guilty plea.