THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Keymont Reid, AKA
 Marica Kemont Reid, Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2012-UP-147   
 Submitted February 1, 2012  Filed March
7, 2012

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek, of
 Columbia, for Appellant.
 J. Benjamin Aplin, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Keymont
 Reid, AKA Marica Kemont Reid, appeals the circuit court's order revoking his
 probation and reinstating the original suspended sentences, arguing the circuit
 court erred by impermissibly revoking his probation for a non-willful
 violation.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities: S.C. Code Ann.
 § 24-21-460 (2007) (prescribing the circuit court's authority to "revoke
 the probation or suspension of sentence" and "the right, in [its]
 discretion, to require the defendant to serve all or a portion only of the sentence
 [originally] imposed"); State v. Allen, 370 S.C. 88, 94, 634 S.E.2d
 653, 655 (2006) ("The determination of whether to revoke probation in
 whole or part rests within the sound discretion of the [circuit] court."); State v. Lee, 350 S.C. 125, 129, 564 S.E.2d 372, 374 (Ct. App. 2002) ("A
 reviewing court will only reverse this determination when it is based on an
 error of law or a lack of supporting evidence renders it arbitrary or
 capricious."); State v. Hamilton, 333 S.C. 642, 648, 511 S.E.2d 94,
 97 (Ct. App. 1999) ("Probation is a matter of
 grace; revocation is the means to enforce the conditions of probation.");id. at 649, 511 S.E.2d at 97 ("It is only when probation is revoked solely for failure to pay fines or restitution that a finding of willfulness
 is mandatory.").  
AFFIRMED.
WILLIAMS, THOMAS, and LOCKEMY,
 JJ., concur.
[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.