**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tammy Pond, Appellant.

Appellate Case No. 2011-202531

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2012-UP-618
Submitted October 1, 2012 – Filed November 21, 2012

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

J. Benjamin Aplin, South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Pond appeals the revocation of her probation, arguing the circuit court erred because her failure to make court ordered payments was not willful, and the circuit court failed to make a finding on the record that the failure was willful. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 24-21-460 (2007) (providing the circuit court has the option to "revoke the probation or suspension of sentence" and "require the defendant to serve all or a portion only of the sentence imposed"); *State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006) ("The determination of whether to revoke probation in whole or part rests within the sound discretion of the [circuit] court."); *State v. Hamilton*, 333 S.C. 642, 648, 511 S.E.2d 94, 97 (Ct. App. 1999) ("Probation is a matter of grace; revocation is the means to enforce the conditions of probation."); *id.* at 648-49, 511 S.E.2d at 97 ("[B]efore revoking probation, the circuit [court] must determine if there is sufficient evidence to establish that the probationer has violated [the] probation conditions."); *id.* at 649, 511 S.E.2d at 97. ("It is only when probation is revoked *solely* for failure to pay fines or restitution that a finding of willfulness is mandatory.").

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.