**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jonathan Mallory, Appellant.

Appellate Case No. 2013-000811

Appeal From Lexington County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2015-UP-007
Submitted November 1, 2014 – Filed January 7, 2015

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Octavia Yvonne Wright, of the Department of Probation,
Parole and Pardon Services, of Columbia, for
Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hamilton*, 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct. App. 1999) ("The decision to revoke probation is addressed to the discretion of the [trial

court]. This court's authority to review such a decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the [trial court]'s decision was arbitrary and capricious." (citations omitted)); *State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006) ("The trial court must determine whether the State has presented sufficient evidence to establish that a probationer has violated the conditions of his probation."); *Barlet v. State*, 288 S.C. 481, 483, 343 S.E.2d 620, 622 (1986) ("Probation may not be revoked *solely* on the ground the probationer failed to pay fines or to make restitution. The [trial court] must determine on the record that the probationer failed to make a bona fide effort to pay."); *Hamilton*, 333 S.C. at 649, 511 S.E.2d at 97 ("It is only when probation is revoked *solely* for failure to pay fines or restitution that a finding of willfulness is mandatory.").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.