**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Martin Darriel Pittman, Appellant.

Appellate Case No. 2019-001452

Appeal From Aiken County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2021-UP-432
Submitted November 1, 2021 – Filed December 8, 2021

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Matthew C. Buchanan, of Columbia, and Janell H. Gregory, of West Columbia, both of the South Carolina Department of Probation, Parole and Pardon Services, for Respondent.

**PER CURIAM:** Martin Darriel Pittman appeals the revocation of his probation and placement on the South Carolina Sex Offender Registry. On appeal, Pittman argues the circuit court erred in revoking his probation for failing to maintain

employment, maintain proper housing, and abide by curfew restrictions because such violations were not willful. He also argues the circuit court abused its discretion by requiring him to register as a sex offender. We affirm pursuant to Rule 220(b), SCACR.

We find the circuit court did not abuse its discretion in revoking Pittman's probation because the record showed he violated conditions of his probation. *See State v. Hamilton*, 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct. App. 1999) ("The decision to revoke probation is addressed to the discretion of the circuit [court]."); *id.* ("[An appellate] court's authority to review such a decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the circuit [court's] decision was arbitrary and capricious."); *id.* at 648, 511 S.E.2d at 97 ("Probation is a matter of grace; revocation is the means to enforce the conditions of probation."); *id.* ("[T]he authority of the revoking court should always be predicated upon an evidentiary showing of fact tending to establish a violation of the conditions."); *id.* at 648-49, 511 S.E.2d at 97 ("[B]efore revoking probation, the circuit [court] must determine if there is sufficient evidence to establish that the probationer has violated his probation conditions."). Further, we find the circuit court did not err in finding Pittman violated his probation even if his violations were not willful. *See State v. Garrard*, 390 S.C. 146, 150 n.3, 700 S.E.2d 269, 271 n.3 (Ct. App. 2010) ("Willfulness is not normally required in order to prove a violation of probation."); *Hamilton*, 333 S.C. at 649, 511 S.E.2d at 97 ("It is only when probation is revoked *solely* for failure to pay fines or restitution that a finding of willfulness is mandatory."). Moreover, the circuit court did not err in requiring Pittman to register as a sex offender. Pittman signed a plea agreement when he pled guilty, notifying him of his placement on the registry should he violate the conditions of his probation. Accordingly, the circuit court did not err in revoking Pittman's probation and requiring him to register as a sex offender.

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.