647 S.E.2d 706

**The STATE, Respondent,**

v.

**George SPARE, Appellant.**

**No. 4257.**

Court of Appeals of South Carolina.

Submitted May 1, 2007.

Decided June 18, 2007.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Deputy Chief Attorney for Capital Appeals Robert M. Dudek, of Columbia, for appellant.

John Benjamin Aplin, of Columbia, for respondent.

BEATTY, J.:

George Spare appeals the revocation of his probation. He contends the circuit court judge erred in revoking his probation because the record established that he was making a bona fide effort to pay the court-ordered restitution. We vacate the revocation of Spare's probation and remand to the circuit court for proceedings consistent with the provisions of this opinion.[1]

## FACTS

On May 19, 2003, Spare pleaded guilty to breach of trust in an amount greater than $5,000. Circuit Court Judge Jackson Gregory sentenced Spare to ten years imprisonment, which was suspended upon five years probation and the payment of restitution in an amount to be calculated at a later date. After a restitution hearing was held on August 13, 2003, Judge Gregory ordered Spare to pay restitution in the amount of

---

[1]. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

$34,475 to the victim, plus a mandatory 20 percent collection fee, resulting in a total restitution obligation of $41,370.

On May 12, 2004, Spare's probation agent served Spare with a financial probation citation, alleging that Spare was in arrears for his restitution. By order dated June 15, 2004, Judge Gregory continued Spare on probation but ordered him to enroll in the Restitution Center.

On September 12, 2005, Spare was again served with a financial probation citation for being $4,921 in arrears on restitution. On that date, the unpaid balance of the restitution was $40,362.75.

Circuit Court Judge Howard King held a probation revocation hearing on September 15, 2005. In addressing the court regarding the violation, Spare's probation agent stated that Spare had reported on time and had paid what he could toward the restitution. He added that Spare has "some financial situations that don't particularly allow him to pay the $753 a month that he has been ordered to." In terms of Spare's employment, Spare's counsel explained that Spare was unable to work for the government, his previous employer, or use his master's degree as a result of his criminal record, which included a drug conviction. Spare was employed with Cracker Barrel for forty-four hours per week. His check, however, had been garnished by the Internal Revenue Service for payment of back taxes and was also used to make payments to probation. He further stated that Spare does not own any real property, but instead, resides at a Motel 6 and eats all of his meals at his place of employment. Counsel emphasized that Spare had "not missed a payment other than . . . not having the ability to make the required payment a month." Counsel also pointed out that Spare paid less toward his financial obligation when he attended the Restitution Center for 181 days because he was making less money than he was currently earning at Cracker Barrel.

At the conclusion of the hearing, Judge King found that Spare had willfully violated the terms of his probation. As a result, Judge King revoked one year of Spare's sentence and ordered Spare to remain on probation and pay restitution when he was released from prison.

Spare appeals the revocation of his probation.

## DISCUSSION

■ Spare argues the circuit court judge erred in revoking his probation when he was employed full time and paying restitution. He contends his failure to pay was not willful given he was making a bona fide effort to pay his court-ordered obligation.

■ The decision to revoke probation is addressed to the sound discretion of the trial court. *State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006); S.C.Code Ann. § 24–21–460 (2007). "This court's authority to review such a decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the circuit judge's decision was arbitrary and capricious." *State v. Hamilton*, 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct.App.1999).

■ In deciding whether to revoke probation, "[t]he trial court must determine whether the State has presented sufficient evidence to establish that a probationer has violated the conditions of his probation." *Allen*, 370 S.C. at 94, 634 S.E.2d at 655. "Probation is a matter of grace; revocation is the means to enforce the conditions of probation." *Hamilton*, 333 S.C. at 648, 511 S.E.2d at 97; *see State v. White*, 218 S.C. 130, 136, 61 S.E.2d 754, 756 (1950) ("While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice."). "However, the authority of the revoking court should always be predicated upon an evidentiary showing of fact tending to establish a violation of the conditions." *Hamilton*, 333 S.C. at 648, 511 S.E.2d at 97.

■ Our appellate courts have continued to maintain that "probation may not be revoked *solely* for failure to make required payments of fines or restitution without the circuit judge first determining on the record that the probationer has failed to make a bona fide effort to pay." *Hamilton*, 333 S.C. at 649, 511 S.E.2d at 97 (discussing *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)) [2]; *Nichols v.*

---

**2.** In *Bearden v. Georgia,* the United States Supreme Court established the analytical procedure required for the revocation of probation based solely on a probationer's failure to pay a fine and make restitution. Specifically, the Court stated:

*State,* 308 S.C. 334, 337, 417 S.E.2d 860, 861 (1992); *Barlet v. State,* 288 S.C. 481, 483, 343 S.E.2d 620, 622 (1986). "Therefore, in those cases involving the failure to pay fines or restitution, the circuit judge must, in addition to finding sufficient factual evidence of the violation, make an additional finding of willfulness." *Hamilton,* 333 S.C. at 649, 511 S.E.2d at 97.

"Willful failure to pay means a voluntary, conscious and intentional failure." *People v. Davis,* 216 Ill.App.3d 884, 159 Ill.Dec. 841, 576 N.E.2d 510, 513 (1991); *see State v. Sowell,* 370 S.C. 330, 336, 635 S.E.2d 81, 83 (2006) ("A willful act is defined as one 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.' " (quoting *Spartanburg County Dep't of Soc. Servs. v. Padgett,* 296 S.C. 79, 82–83, 370 S.E.2d 872, 874 (1988))). "The trial court may infer that the failure to pay is intentional where a probationer has the ability to pay a fee, but does not do so." *Joseph v. State,* 3 S.W.3d 627, 641 (Tex.App.1999) (citations omitted).

"A proper analysis should include an inquiry into the reasons surrounding the probationer's failure to pay, followed by a determination of whether the probationer made a willful choice not to pay." *Commonwealth v. Eggers,* 742 A.2d 174,

---

We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Bearden v. Georgia,* 461 U.S. 660, 673, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).

176 (Pa.Super.Ct.1999). "After making those determinations, if the court finds the probationer 'could not pay despite sufficient bona fide efforts to acquire the resources to do so,' the court should then consider alternatives to incarceration in accordance with *Bearden*." *Id.* at 176 (quoting *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)).

Turning to the facts of the instant case, we find the circuit court judge abused his discretion in concluding that Spare's failure to pay restitution was willful. Based on our review of the record, we believe the judge failed to make the requisite inquiry into Spare's ability to pay, his reasons for failing to pay, and whether his failure to pay was willful. From all indications, Spare was making progress, albeit slow, toward paying his restitution obligation. After being released from the Restitution Center, he obtained a full-time job in which he worked forty-four hours per week. As represented by counsel, Spare was using his income from this job to pay for housing at a local motel, pay the IRS for back taxes, and make payments toward his court-ordered financial obligation. Significantly, Spare's probation agent stated at the hearing that Spare has "some financial situations that don't particularly allow him to pay the $753 a month that he has been ordered to."

Therefore, without a specific accounting of Spare's total earnings, living expenses, other sources of income, and potential earning capacity, it is difficult to conclude that he had the ability to pay more toward his restitution but made a voluntary, conscious, and intentional decision not to pay. Although we understand the court's frustration with Spare's limited progress in making payments, we find the evidence does not support the court's finding of willfulness.

Based on the foregoing discussion, we vacate the revocation of Spare's probation and remand this case for a new probation revocation hearing. *See Eggers*, 742 A.2d at 176 (vacating revocation of probation based on probationer's failure to pay and remanding for a new hearing where trial court "made no judicial inquiry into the [probationer's] ability to pay and reasons for [probationer's] failure to make payment" and disregarded "an inquiry into whether the failure to pay was

willful, and if willful, whether alternatives to incarceration were proper"); *Davis*, 159 Ill.Dec. 841, 576 N.E.2d at 513–14 (reversing revocation of probation for probationer's failure to pay and remanding for trial court to determine whether an additional period of probation should be granted within which restitution may be paid where there was evidence that probationer made restitution payments before becoming unemployed and the record did not show that defendant refused to work merely to avoid restitution); *see also Jordan v. State*, 327 Ark. 117, 939 S.W.2d 255, 257–58 (1997)(reversing and remanding revocation of probation for failure to pay, based on state statutory guidelines, and holding that probationer's lack of financial assistance from family and friends did not demonstrate that probationer willfully refused to pay restitution and could not be the basis for revoking probation).

**VACATED AND REMANDED.**[3]

ANDERSON and HUFF, JJ., concur.

---

**3.** Although the State indicates in its brief that Spare was released from prison during the pendency of this appeal, we do not believe the issue presented is moot given the restitution is still outstanding and Spare will undoubtedly be issued another financial probation citation for being in arrears.