700 S.E.2d 269

**The STATE, Appellant,**

v.

**Ronald GARRARD, Respondent.**

**No. 4743.**

Court of Appeals of South Carolina.

Submitted May 3, 2010.

Decided Sept. 22, 2010.

148

John Benjamin Aplin, of Columbia, for Appellant.

Eleanor Duffy Cleary, of Columbia, for Respondent.

FEW, C.J.

Ronald Garrard served a six-year prison sentence for criminal sexual conduct with a minor in the first degree. He was released from prison on March 1, 2006, and entered the community supervision program as required by section 24-21-560(A) of the South Carolina Code (2007). He committed no violations of the program's terms during 2006 and 2007. On December 31, 2007, he helped his brother move a washer and dryer for their mother. In the course of doing this, Garrard briefly stopped at his brother's workplace, approximately 750 feet from Lexington High School. The State[1] charged him with violating number five of the sex offender conditions for community supervision which states: "I will not enter into, loiter or work within one thousand ... feet of any area or event frequented by people under the age of 18 including but not limited to: schools...." Garrard conceded he entered within one thousand feet of the school, and thus that he violated the terms of condition five. He denied the violation was willful. The trial judge initially ruled Garrard had committed a willful violation. After a motion to reconsider, however, she reversed her decision and ruled that the violation was not willful.

The State contends the trial judge abused her discretion in finding that Garrard did not commit a willful violation. The State also contends the court violated the Victim's Rights Act by not holding a hearing on Garrard's motion to reconsider. We affirm.

---

1. The State is represented by the South Carolina Department of Probation, Parole and Pardon Services at hearings on alleged violations of community supervision. *See* S.C.Code Ann. § 24-21-560(A) & (C) (2007).

## I. Community Supervision Program

### A. Definition of "Willfully"

The community supervision program is operated by the South Carolina Department of Probation, Parole and Pardon Services. S.C.Code Ann. § 24–21–560(A) & (B) (2007). When the department determines that a participant has committed a violation warranting revocation, "a probation agent must initiate a proceeding in General Sessions Court." *Id.* § 560(C). A circuit judge then "shall determine whether ... the prisoner has willfully violated a term of the community supervision program." *Id.* § 560(C)(5). In this appeal, we must determine what the Legislature meant in using the term "willfully." The State contends that simply because Garrard was physically located less than one thousand feet from the school, he committed a willful violation. We disagree.

Our appellate courts have defined "willful" in a variety of contexts. In each instance, the court has required a showing of a consciousness of wrongdoing in order to prove willfulness. *See, e.g., S.C. Dep't of Soc. Servs. v. Broome,* 307 S.C. 48, 53, 413 S.E.2d 835, 839 (1992) (In the context of termination of parental rights, "[c]onduct of the parent which evinces a settled purpose to forego parental duties may fairly be characterized as 'willful' because it manifests a conscious indifference to the rights of the child."); *Kuznik v. Bees Ferry Assocs.,* 342 S.C. 579, 611, 538 S.E.2d 15, 32 (Ct.App.2000) (In the context of punitive damages, "[w]illfulness has been defined as a conscious failure to exercise due care."). In the context of contempt, our supreme court defined a willful act "as one 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done....'" *State v. Sowell,* 370 S.C. 330, 336, 635 S.E.2d 81, 83 (2006) (quoting *Spartanburg County Dep't of Soc. Servs. v. Padgett,* 296 S.C. 79, 82–83, 370 S.E.2d 872, 874 (1988)). In both *Sowell* and *Padgett,* the supreme court quoted Black's Law Dictionary in defining "willful." *See id. Black's Law Dictionary* defines "willful" as "[p]roceeding from a conscious motion of the will; voluntary. Intending the result which actually comes to pass;

designed; intentional; not accidental or involuntary." *Black's Law Dictionary* 1434 (5th ed.1979).[2]

■ These general definitions are appropriate to use in construing the term "willfully" in section 24–21–560(C)(5). We find support for this conclusion in this court's opinion in *State v. Spare,* 374 S.C. 264, 647 S.E.2d 706 (Ct.App.2007). In the closely related context of an alleged violation of probation, the *Spare* court explained the requirements for proving "willfulness" to establish a violation for failure to pay money.[3] 374 S.C. at 269–70, 647 S.E.2d at 708–09. The court began by stating: " 'Willful failure to pay means a voluntary, conscious and intentional failure.' " 374 S.C. at 269, 647 S.E.2d at 708 (quoting *People v. Davis,* 216 Ill.App.3d 884, 159 Ill.Dec. 841, 576 N.E.2d 510, 513 (1991)). The court then referenced *Sowell,* and quoted the passage from *Sowell* cited earlier in this opinion. 374 S.C. at 269, 647 S.E.2d at 708. Following these general definitions, we construe the term "willfully" as used in this section to require that the State prove either: (1) a voluntary and intentional act done with consciousness that the act is a violation of a term of the community supervision program, or (2) the voluntary and intentional failure to do something known to be required by a term of community supervision.

■ In his motion to reconsider, Garrard cited *Spare* in arguing that the judge had applied the incorrect definition for "willful." The trial judge relied on *Spare* in changing her ruling to conclude that the State had failed to prove a willful violation. We hold the trial judge used the correct definition of "willfully" after reconsideration. Depending on the facts of a particular case and the nature of an alleged violation, the

---

**2.** *Sowell* and *Padgett* quote the fifth edition. The definition of "willful" in the current edition is shorter, but essentially the same: "[v]oluntary and intentional, but not necessarily malicious." *Black's Law Dictionary* 1737 (9th ed.2009). "Willfulness" is defined in the ninth edition as "[t]he voluntary, intentional violation or disregard of a known legal duty." *Id.*

**3.** Willfulness is not normally required in order to prove a violation of probation. For alleged violations based solely on a failure to pay money, however, as was the case in *Spare,* the State must prove willfulness before a circuit judge may revoke probation. *See State v. Hamilton,* 333 S.C. 642, 649, 511 S.E.2d 94, 97 (Ct.App.1999).

specific facts the State must prove may vary. In order to prove a willful violation in this case, the State was required to prove that Garrard voluntarily and intentionally went within one thousand feet of a school, and that he knew doing so was a violation of a term of the community supervision program.[4]

## B. Trial Judge's Discretion

 Both the decision of whether an alleged violation was willful and the decision of whether to revoke community supervision are discretionary. The trial court will not be reversed unless the appellant has shown an abuse of that discretion. *See State v. Allen,* 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006) (applying an abuse of discretion standard of review to the related context of an appeal from an order revoking probation). Where there is any evidence to support the court's factual findings, there is no abuse of discretion. *Id.* We find evidence to support the trial court's factual determination that the violation was not willful. First, Garrard described the incident as follows: "I pulled into this business and got out of my truck and got in his truck and I drove and got a washer and dryer and came back to his business and got in my truck and drove off.... I was not there a total of four minutes there and back." Second, in response to the judge's questions, Garrard testified that his violation was not willful. He also testified he did not know that working at his brother's workplace was impermissible. This testimony was supported by Garrard's treating therapist for the previous two years, Dr. Lazarus, who suggested that Garrard had worked hard to remain in compliance with the terms of community supervision. Dr. Lazarus testified that Garrard had "been exemplary in following exactly my directions, my recommendations," and

4. In its brief, the State argues the trial judge "confuses the intent behind the actual violation charged (to knowingly enter an area within one thousand feet of a school) with the intent to commit a bad act once he entered the area." We do not believe the trial judge was confused at all. Rather, she used the correct definition of willfully in finding "[t]he evidence presented demonstrated a lack of willfulness to violate the terms of his supervision." In the context of the violation of community supervision alleged in this case, the definition of willfulness does not require that the State prove Garrard intended to disobey or disregard the law while within one thousand feet of the school. Rather, proof that he intended to go to the location, and that he knew doing so was a violation, would have been sufficient to prove willfulness.

that Garrard "is at the lowest level that is possible for reoffending."

Finally, the trial judge repeatedly asked the probation officer representing the State at the hearing to address whether the violation was willful. The officer never gave a direct answer, stating at one point "we are going to leave that to the judge's discretion." The trial judge finally asked "you are telling me you don't feel it was willful? ... I need you to be honest with me." The officer replied merely that she felt a verbal reprimand was sufficient to address Garrard's violation. The trial judge's finding that the State had not proven a willful violation was within her discretion.

## II. Victim's Rights Act

■■ In its return to Garrard's motion to reconsider, the State requested that the trial judge hold a hearing. The State now contends the decision not to conduct a hearing violated the Victim's Rights Act. We disagree. The Act requires the State to "attempt to notify each victim, who has indicated a desire to be notified, of post-conviction proceedings affecting the ... release of the offender, ... and of the victim's right to attend and comment at these proceedings." S.C.Code Ann. § 16–3–1560(A) (2003). When an offender files a motion to reconsider a decision to revoke community supervision, the section requires the State to notify the victim that the motion has been filed. *See id.* If the trial judge chooses to hold a hearing on the motion, then the section requires the State to notify the victim of her right to "attend and comment." *See id.* The section says nothing, however, about whether the judge must choose to hold a hearing. In fact, while the judge should give a reasonable opportunity to allow the State to comply with section 16–3–1560(A),[5] the section imposes no requirement whatsoever on the judge.

---

5. No section of the Act specifically addresses a circuit judge's responsibilities regarding a motion or proceeding after conviction. However, two sections address a circuit judge's responsibilities in hearings and proceedings conducted before conviction. *See* S.C.Code §§ 16–3–1525 & 1550 (2003). In both of those sections, the circuit judge is generally required to verify the State's compliance with the Act, and to allow reasonable time for the State to comply if it has previously failed to do so.

We hold the decision of whether to conduct a hearing on a motion to reconsider the revocation of community supervision is within the discretion of the trial court. *See* Rule 29, SCRCrimP (A post-trial "motion may, in the discretion of the court, be determined on briefs filed by the parties without oral argument."). If there is any reasonable basis for the decision not to hold a hearing, the decision will be affirmed on appeal. In this case, no additional evidence was offered in the motion to reconsider or in the State's return. Rather, the motion focused on the proper definition of "willfulness," and whether the evidence already offered was sufficient for the State to meet its burden to prove the violation was willful. Under these circumstances, the trial judge's decision not to hold a hearing was within her discretion.

**AFFIRMED.**

PIEPER, J., and CURETON, A.J., concur.