THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 James E.
 Bledsoe, Appellant.
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2011-UP-407
 Submitted August 15, 2011 - Filed August
29, 2011  

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 J. Benjamin Aplin, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: James E. Bledsoe appeals the circuit
 court's order finding Bledsoe violated the conditions of his community
 supervision, revoking his community supervision, and ordering him to remain
 under G.P.S. monitoring.  Bledsoe argues
 the circuit court abused its discretion in revoking his community supervision
 for unintentional violations and by ordering electronic monitoring for ten
 years even though he only had 275 days remaining of community supervision.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code
 Ann. § 23-3-540(D) (Supp. 2010) ("A person who is required to register
 pursuant to this article for [second-degree criminal sexual conduct with a
 minor], and who violates a term of . . . a community supervision program, may
 be ordered by the court or agency with jurisdiction to be monitored by the
 Department of Probation, Parole and Pardon Services with an active electronic
 monitoring device."); § 23-3-540(H) (Supp. 2010) ("The person shall
 be monitored by the Department of Probation, Parole and Pardon Services with an
 active electronic monitoring device for the duration of the time the person is
 required to remain on the sex offender registry pursuant to the provisions of
 this article, unless the person is committed to the custody of the State. Ten
 years from the date the person begins to be electronically monitored, the
 person may petition the chief administrative judge of the general sessions
 court for the county in which the person was ordered to be electronically
 monitored for an order to be released from the electronic monitoring requirements
 of this section."); State v. Garrard, 390 S.C. 146, 151, 700 S.E.2d
 269, 272 (Ct. App. 2010) ("Both the decision of
 whether an alleged violation was willful and the decision of whether to revoke
 community supervision are discretionary. The [circuit] court will not be
 reversed unless the appellant has shown an abuse of that discretion. Where
 there is any evidence to support the court's factual findings, there is no
 abuse of discretion."). 
AFFIRMED.
FEW, C.J., THOMAS and
 KONDUROS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.