723 S.E.2d 619

The STATE, Respondent,

v.

Phillip COKER, Appellant.

No. 4945.

Court of Appeals of South Carolina.

Heard Jan. 25, 2012.

Decided Feb. 22, 2012.

Appellate Defender Elizabeth A. Franklin–Best and Assistant Appellate Defender Breen Stevens, both of Columbia, for Appellant.

John Benjamin Aplin, of Columbia, for Respondent.

FEW, C.J.

The circuit court revoked Phillip Coker's probation based solely on the failure to pay money and imposed a portion of the prison sentence originally suspended. Coker appeals arguing the circuit court failed to make the necessary findings of fact as to whether the violation was willful. We agree and reverse.

In *Bearden v. Georgia,* 461 U.S. 660, 672, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Supreme Court of the United States held that a court may not revoke probation solely on the basis of the failure to pay money unless the court makes certain findings of fact regarding the willfulness of the failure to pay. In *Barlet v. State,* 288 S.C. 481, 343 S.E.2d 620 (1986), our supreme court stated: "Probation may not be revoked *solely* on the ground the probationer failed to pay fines or to make restitution. The judge must determine on the record that the probationer failed to make a bona fide effort to pay." 288 S.C. at 483, 343 S.E.2d at 622 (citing *Bearden,* 461 U.S. at 672, 103 S.Ct. 2064).

In *State v. Spare,* 374 S.C. 264, 647 S.E.2d 706 (Ct. App.2007), we provided the trial bench a roadmap for making the findings required under *Bearden* and *Barlet.* We held the circuit court may not revoke probation solely on the basis of a failure to pay money unless the record reflects the court made the following findings:

(1) "[T]he State has presented sufficient evidence to establish that a probationer has violated the conditions of his probation." 374 S.C. at 268, 647 S.E.2d at 708 (internal quotation marks omitted).

(2) "[T]he probationer made a willful choice not to pay" in that the probationer had the funds to pay and chose not to do so or lacked the funds to pay and did not make a bona fide effort to acquire the funds. 374 S.C. at 268–69, 268 n. 2, 647 S.E.2d at 708–09, 708 n. 2 (internal quotation marks omitted).

(3) "[I]f the court finds the probationer 'could not pay despite sufficient bona fide efforts to acquire the resources to do so,'" the court may not imprison the probationer unless it also finds that "'alternate meas-

ures are not adequate to meet the State's interests in punishment and deterrence.' " 374 S.C. at 268 n. 2, 270, 647 S.E.2d at 708 n. 2, 709 (quoting *Bearden,* 461 U.S. at 672, 673 [103 S.Ct. 2064] ).

The circuit court did not make any of the required findings in this case. We therefore reverse and remand to the circuit court with instructions to make the findings required by *Spare,* along with findings of fact to support each.

**REVERSED AND REMANDED.**

THOMAS and KONDUROS, JJ., concur.