**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jimmy Ott Cuttino, Appellant.

Appellate Case No. 2010-172386

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2013-UP-227
Submitted April 1, 2013 – Filed May 29, 2013

**REVERSED AND REMANDED**

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Nicole Wetherton, of the South Carolina Department of
Probation, Parole and Pardon Services, of Columbia, for
Respondent.

**PER CURIAM:** Jimmy Ott Cuttino appeals the revocation of his probation,
arguing the circuit court erred because it revoked his probation solely on the failure
to pay money and imposed a portion of his prison sentence originally suspended

without making a finding on the record that the failure to pay was willful. Pursuant to Rule 220(b), SCACR, we reverse the revocation of Cuttino's probation and remand to the circuit court to conduct a revocation hearing in accordance with the following authorities: *State v. Spare*, 374 S.C. 264, 268-70, 647 S.E.2d 706, 708-09 (Ct. App. 2007) (holding probation may not be revoked *solely* for failure to pay fines, fees, or restitution unless the circuit court makes a finding on the record that the probationer willfully refused to pay or failed to make a bona fide effort to pay); *State v. Coker*, 397 S.C. 244, 723 S.E.2d 619 (Ct. App. 2012) (holding the circuit court failed to make the requisite findings, and, accordingly, reversing and remanding to the circuit court with instructions to make the findings required by *Spare*, along with findings of fact to support each).

**REVERSED AND REMANDED.**[1]

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.