**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joseph Charles Tice, Appellant.

Appellate Case No. 2013-001161

---

Appeal From Lexington County
R. Markley Dennis, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-370
Heard August 1, 2014 – Filed November 5, 2014

---

**REVERSED AND REMANDED**

---

Appellate Defender Benjamin John Tripp, of Columbia, for Appellant.

Matthew Buchanan and J. Benjamin Aplin, both of the South Carolina Department of Probation, Parole & Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Reversed and remanded pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Coker*, 397 S.C. 244, 245, 723 S.E.2d 619, 620 (Ct. App. 2012) ("[A] court may not revoke probation solely on the basis of the

failure to pay money unless the court makes certain findings of fact regarding the willfulness of the failure to pay." (citing *Bearden v. Georgia*, 461 U.S. 660, 672 (1983))); *Coker*, 397 S.C. at 245-46, 723 S.E.2d at 620 (noting when revoking probation based solely on the basis of a failure to pay money, the circuit court must make the following findings on the record:  (1) the State presented sufficient evidence indicating the probationer violated the terms of his probation; (2) the probationer willfully failed to pay in that he either had the funds to make payment and chose not to or lacked the funds to make payment and did not make a bona fide effort to acquire the funds; and (3) "alternate measures are not adequate to meet the State's interests in punishment and deterrence"); *id.* (reversing when the circuit court failed to make the required findings while revoking probation solely on the basis of a failure to pay money).

**REVERSED AND REMANDED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.