**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tonja McAllister, Appellant.

Appellate Case No. 2013-002401

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2014-UP-433
Submitted October 1, 2014 – Filed December 3, 2014

**REVERSED AND REMANDED**

James Arthur Brown, Jr., of Law Offices of Jim Brown, P.A., of Beaufort, for Appellant.

Matthew C. Buchanan, of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Reversed pursuant to Rule 220(b), SCACR, and the following authorities: *Bearden v. Georgia*, 461 U.S. 660, 668-69 (1983) (holding a trial court cannot revoke probation solely because the probationer failed to pay

restitution unless the trial court finds the probationer willfully failed to pay and alternative methods of punishment are inadequate); *Barlet v. State*, 288 S.C. 481, 483, 343 S.E.2d 620, 622 (1986) ("Probation may not be revoked *solely* on the ground the probationer failed to pay fines or to make restitution. The [trial court] must determine on the record that the probationer failed to make a bona fide effort to pay." (alteration added)); *State v. Hamilton*, 333 S.C. 642, 649, 511 S.E.2d 94, 97 (Ct. App. 1999) (holding a trial court is justified in using imprisonment as punishment for failure to pay restitution only when there is a willful failure to pay, and a court must make a finding of willfulness in addition to finding sufficient factual evidence of a probation violation); *State v. Spare*, 374 S.C. 264, 269, 647 S.E.2d 706, 708-09 (Ct. App. 2007) (holding a willful failure to pay is a "voluntary, conscious and intentional failure" and the trial court may infer willfulness "where a probationer has the ability to pay . . . but does not do so" (internal quotation marks omitted)); *Nichols v. State*, 308 S.C. 334, 337, 417 S.E.2d 860, 862 (1992) (holding a probationer's due process rights are violated by the deprivation of conditional freedom unless the trial court determines the probationer has not made a bona fide effort to pay); *State v. Coker*, 397 S.C. 244, 245-46, 723 S.E.2d 619, 620 (Ct. App. 2012) (reversing and remanding for the trial court to make the following findings required by *Spare*: (1) the State presented sufficient evidence to establish that the probationer violated the conditions of his probation; (2) the probationer made a willful choice not to pay in that he had the ability to pay and chose not to do so, or lacked the ability to pay and did not make a bona fide effort to acquire the necessary funds; and (3) if the court finds the probationer could not pay despite bona fide efforts to acquire the resources to do so, the court must make a finding that alternate measures are inadequate to meet the State's interests in punishment and deterrence before imprisoning the probationer (citations omitted)).

**REVERSED AND REMANDED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.