**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tekysha Cohen, Appellant.

Appellate Case No. 2016-002044

———————————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————————

Unpublished Opinion No. 2019-UP-162
Heard March 4, 2019 – Filed May 8, 2019

———————————

**REVERSED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

General Counsel Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————————

**PER CURIAM:** Tekysha Cohen appeals her probation revocation, arguing the circuit court erred by (1) denying her a meaningful opportunity to be heard, (2) revoking her probation for failure to make required restitution payments without making a finding of willfulness, and (3) denying her motion to reconsider without

a hearing.  We reverse pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the revocation of probation with no finding of willful failure to pay fines, fees, and restitution:  *State v. Spare*, 374 S.C. 264, 268, 647 S.E.2d 706, 708 (Ct. App. 2007) ("This court's authority to review [a probation revocation] decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the circuit judge's decision was arbitrary and capricious."); *id*. at 269, 647 S.E.2d at 709 ("A proper analysis should include an inquiry into the reasons surrounding the probationer's failure to pay [and] a determination of whether the probationer made a willful choice not to pay." (quoting *Commonwealth v. Eggers*, 742 A.2d 174, 176 (Pa. Super. Ct. 1999))); *Bearden v. Georgia*, 461 U.S. 660, 668–69 (1983) ("[I]f [a] probationer has made all reasonable efforts to pay the fine or restitution[ but could ]not do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available.") (footnote omitted); *State v. Hamilton*, 333 S.C. 642, 649, 511 S.E.2d 94, 97 (Ct. App. 1999) ("In response to *Bearden*,[ 461 U.S. 660,] our courts have held that probation may not be revoked *solely* for failure to make required payments of fines or restitution without the circuit judge first determining on the record that the probationer has failed to make a bona fide effort to pay."); *Nichols v. State*, 308 S.C. 334, 337, 417 S.E.2d 860, 862 (1992) ("In the absence of such a determination, a [probationer]'s due process rights are contravened by the deprivation of his conditional freedom.").

2. As to the question of mootness:  *State v. Green*, 337 S.C. 67, 71, 522 S.E.2d 602, 604 (Ct. App. 1999) ("A criminal case is moot only if there is no possibility that any legal consequences will be imposed." (quoting *Sibron v. New York*, 392 U.S. 40, 57 (1968))); *Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001) (noting there are three general exceptions to the mootness doctrine:  "First, an appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review.  Second, an appellate court may decide questions of imperative and manifest urgency to establish a rule for future conduct in matters of important public interest.  Finally, if a decision by the trial court may affect future events, or have collateral consequences for the parties, an appeal from that decision is not moot, even though the appellate court cannot give effective relief in the present case.") (citations omitted); *Hayes v. State*, 413 S.C. 553, 558, 777 S.E.2d 6, 9 (Ct. App. 2015) (taking jurisdiction, despite mootness, because the issue raised was capable of repetition but evading review); *Nelson v. Ozmint*, 390 S.C. 432, 433–34, 702 S.E.2d 369, 370 (2010) (addressing moot issue of the South Carolina Department of Corrections' calculation of an inmate's sentence with

respect to good time and earned work credits because the issue was capable of repetition but would usually evade review).[1]

**REVERSED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] Because our resolution of the issues addressed is dispositive, we decline to address Cohen's remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues when disposition of prior issue is dispositive).