**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

George Cleveland, III, Appellant.

Appellate Case No. 2018-000564

———————————

Appeal From Greenville County
R. Lawton McIntosh, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-121
Submitted March 1, 2021 – Filed April 21, 2021

———————————

**AFFIRMED**

———————————

George Cleveland, III, of Seneca, pro se.

General Counsel Matthew C. Buchanan, of South
Carolina Department of Probation, Parole and Pardon
Services, of Columbia, for Respondent.

———————————

**PER CURIAM:** George Cleveland, III appeals the circuit court's revocation of ninety days of his probation. On appeal, he argues the circuit court did not have subject matter jurisdiction to revoke his probation based on the application of the

Dyer Act[1] and article I section 19 of the South Carolina Constitution.  We affirm pursuant to Rule 220(b), SCACR.

We find the circuit court had subject matter jurisdiction to revoke ninety days of Cleveland's probation.  *See State v. Lee*, 350 S.C. 125, 132, 564 S.E.2d 372, 376 (Ct. App. 2002) ("Subject matter jurisdiction to revoke an individual's probation is conferred on the General Sessions Court by either the issuance of a probation violation warrant or the issuance of a probation violation citation and affidavit in lieu of a warrant.").  In October 2017, a financial probation citation and affidavit was issued and served on Cleveland based on his alleged failure to "comply with the Court's probation order and [Cleveland's] agreement to pay a fine, restitution and supervision fees."  Accordingly, because Cleveland was issued a probation violation citation, subject matter jurisdiction was conferred on the circuit court.[2]

Further, to the extent Cleveland argues the circuit court erred by revoking ninety days of his probation because it did not have the authority to do so under article I section 19 of the South Carolina Constitution, we find the court did not abuse its discretion.  *See State v. Spare*, 374 S.C. 264, 268, 647 S.E.2d 706, 708 (Ct. App. 2007) ("The decision to revoke probation is addressed to the sound discretion of the [circuit] court."); *id.* ("This court's authority to review such a decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the circuit [court's] decision was arbitrary and capricious." (quoting *State v. Hamilton*, 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct. App. 1999))).  Although Cleveland challenges the circuit court's ability to imprison him under article I section 19 of the South Carolina Constitution, our case law permits a circuit court to revoke probation for failure to make required payments of fines or restitution after the court determines on the record the defendant failed to make a bona fide effort to pay.  *See id.* at 268, 647 S.E.2d at 708 ("Our appellate courts have continued to maintain that 'probation may not be revoked *solely* for failure to make required payments of fines or restitution without the circuit judge first determining on the record that the probationer has failed to make a bona fide effort to pay.'" (quoting *Hamilton*, 333 S.C. at 649, 511 S.E.2d at 97)).  A review of the record supports the circuit court's finding Cleveland failed to make a bona fide effort to

---

[1] 18 U.S.C.A. § 2312 ("Whoever transports in interstate or foreign commerce a motor vehicle, vessel, or aircraft, knowing the same to have been stolen, shall be fined under this title or imprisoned not more than 10 years, or both").

[2] Although Cleveland raises the issue of subject matter jurisdiction under the Dyer Act, Cleveland pled guilty and was sentenced under South Carolina law.  Thus, we find any issue related to the Dyer Act is without merit.

pay. *See id.* at 269, 647 S.E.2d at 709 ("The trial court may infer that the failure to pay is intentional where a probationer has the ability to pay a fee, but does not do so." (quoting *Joseph v. State*, 3 S.W.3d 627, 641 (Tex. App. 1999))). Thus, the circuit court did not abuse its discretion by revoking ninety days of Cleveland's probation.

**AFFIRMED.**[3]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.