**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Interest of Larryion G., A Juvenile Under the Age of Seventeen.

Appellate Case No. 2020-001510

---

Appeal From Laurens County
Joseph C. Smithdeal, Family Court Judge

---

Unpublished Opinion No. 2023-UP-039
Submitted January 1, 2023 – Filed February 1, 2023

---

**REVERSED AND REMANDED**

---

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia, and Solicitor David M. Stumbo, of Greenwood, for Respondent.

---

**PER CURIAM:** Larryion G. appeals a family court order finding he willfully violated the terms of his probation for failing to pay restitution. We reverse and remand.

We hold the family court erred in finding Larryion willfully violated his probation when it failed to inquire into Larryion's ability to pay or his reasons for not paying

restitution. Accordingly, we reverse the family court's order and remand for a new probation revocation hearing. *See State v. Spare*, 374 S.C. 264, 268, 647 S.E.2d 706, 708 (Ct. App. 2007) ("The decision to revoke probation is addressed to the sound discretion of the [family] court."); *State v. Hamilton*, 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct. App. 1999) (stating an appellate "court's authority to review such a decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the [family court's] decision was arbitrary and capricious"); *Spare*, 374 S.C. at 268, 647 S.E.2d at 708 ("In deciding whether to revoke probation, '[t]he [family] court must determine whether the State has presented sufficient evidence to establish that a probationer has violated the conditions of his probation.'" (quoting *State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006))); *Hamilton*, 333 S.C. at 649, 511 S.E.2d at 97 ("[P]robation may not be revoked *solely* for failure to make required payments of fines or restitution without the [family court] first determining on the record that the probationer has failed to make a bona fide effort to pay."); *Spare*, 374 S.C. at 269, 647 S.E.2d at 708 ("[I]n those cases involving the failure to pay . . . restitution, the [family court] must, in addition to finding sufficient factual evidence of the violation, make an additional finding of willfulness." (quoting *Hamilton*, 333 S.C. at 649, 511 S.E.2d at 97)); *id.* at 269, 647 S.E.2d at 708-09 ("Willful failure to pay means a voluntary, conscious[,] and intentional failure." (quoting *People v. Davis*, 576 N.E.2d 510, 513 (Ill. 1991))); *id.* at 269, 647 S.E.2d at 709 ("A proper analysis should include an inquiry into the reasons surrounding the probationer's failure to pay, [and] a determination of whether the probationer made a willful choice not to pay." (quoting *Commonwealth v. Eggers*, 742 A.2d 174, 176 (Pa. Super. Ct. 1999))); *id.* at 270, 647 S.E.2d at 709 (holding the trial court abused its discretion in finding probationer's failure to pay restitution was willful because it "failed to make the requisite inquiry into [probationer's] ability to pay, his reasons for failing to pay, and whether his failure to pay was willful").

**REVERSED AND REMANDED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.