**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

David Minor Lambert, Appellant.

Appellate Case No. 2023-001547

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

Unpublished Opinion No. 2025-UP-107
Submitted March 20, 2025 – Filed March 26, 2025

**AFFIRMED**

Makenzie Autumn Thomas and Constantine George Pournaras, both of the Richland County Public Defender's Office, of Columbia, for Appellant.

General Counsel Matthew C. Buchanan, of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** David Lambert appeals the circuit court's orders denying his motion to dismiss his probation arrest warrant and determining that he was required to remain on probation. On appeal, Lambert argues the circuit court erred

by finding that the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) may close a community supervision program (CSP) case as unsuccessful and impose residual probation due to unpaid restitution. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in finding Lambert did not successfully complete CSP when he failed to pay court-ordered restitution. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* ("This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous."). Lambert pled guilty to voluntary manslaughter in 2015 and was sentenced to twelve years' imprisonment provided that upon the service of seven years, the balance would be suspended to five years' probation; he was also required to pay restitution as a condition of his sentence. In 2018, Lambert was released to a term of CSP with restitution payments as a condition of CSP. In 2020, SCDPPPS found Lambert's CSP ended unsuccessfully due to his failure to pay restitution, and it initiated his term of probation. Because Lambert failed to pay restitution, a violation of his CSP, the circuit court did not err in finding he failed to successfully complete CSP, and it properly found he could remain on probation. *See* S.C. Code Ann. § 24-21-560(A) (2025) ("[A]ny sentence for a 'no parole offense' . . . must include any term of incarceration and completion of a community supervision program operated by [SCDPPPS]."); S.C. Code Ann. § 24-21-560(E) (2025) ("A prisoner who successfully completes a community supervision program pursuant to this section has satisfied his sentence and must be discharged from his sentence."); *State v. Dawkins*, 352 S.C. 162, 167, 573 S.E.2d 783, 785 (2002) (holding that an inmate's entire sentence, "including probation, is discharged upon *successful* completion of the CSP" (emphasis in original)); *State v. Picklesimer*, 388 S.C. 264, 270, 695 S.E.2d 845, 848 (2010) ("'[S]uccessful completion' of CSP connotes the completion of a maximum of two continuous years of CSP . . . *without any violations* or revocations, or a determination by the Department that a defendant has fulfilled his CSP responsibilities prior to two years' service in the program" (emphasis added)); S.C. Code Ann. § 24-21-560(B) (2025) (stating SCDPPPS is responsible for determining when a prisoner completes CSP and when a prisoner violates a term of CSP); *Bearden v. Georgia*, 461 U.S. 660, 669 (1983) ("A defendant's poverty in no way immunizes him from punishment"); *State v. Garrard*, 390 S.C. 146, 150, 700 S.E.2d 269, 272 (Ct. App. 2010) (explaining that

to revoke CSP, SCDPPPS must show "the voluntary and intentional failure to do something known to be required by a term of community supervision").[1]

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] To the extent Lambert argues his current sentence calculation is incorrect, we hold this argument is not preserved for appellate review because it was not raised to the circuit court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court].").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.