**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brandon Vernard Johnson, Appellant.

Appellate Case No. 2022-001424

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2025-UP-373
Submitted October 1, 2025 – Filed November 5, 2025

**AFFIRMED**

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Assistant General Counsel Octavia Yvonne Wright, of
the South Carolina Department of Probation, Parole, and
Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Brandon Vernard Johnson appeals the revocation of his
Community Supervision Program (CSP) for a period of one year. On appeal,
Johnson argues the court erred in revoking his CSP for a period of one year

because he had already served the full term of his sentence and was no longer subject to CSP.  We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold the issue is moot due to Johnson's release from custody; however, it is capable of repetition, yet evading review.  *See Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."); *id.* at 26-27, 630 S.E.2d at 478 ("Two exceptions in which the court may address an issue despite mootness are 1) when the issue raised is capable of repetition, yet evading review, and 2) when the question considers matters of important public interest."); *State v. Grissett*, 442 S.C. 183, 188, 898 S.E.2d 139, 142 (2024) (reviewing a challenge to a CSP revocation based on the amount of credit for time served awarded despite mootness because it was "capable of repetition yet evading review").

On the merits, we hold the court did not abuse its discretion in revoking Johnson's CSP for a period of one year.  *See State v. Garrard*, 390 S.C. 146, 151, 700 S.E.2d 269, 272 (Ct. App. 2010) ("Both the decision of whether an alleged violation was willful and the decision of whether to revoke community supervision are discretionary.  The trial court will not be reversed unless the appellant has shown an abuse of that discretion."); *id.* ("Where there is any evidence to support the court's factual findings, there is no abuse of discretion.").  Although Johnson asserts his fifteen-year sentence for first-degree criminal sexual conduct (CSC) began in 2006, Johnson's CSC sentencing sheet explicitly stated his sentence began on August 27, 2008, and Johnson did not appeal his sentence.  *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."); S.C. Code Ann. § 24-13-40(c) (2025) ("However, when . . . (c) the court shall have designated a specific time for the commencement of the service of the sentence, the computation of the time served must be calculated from the date of the commencement of the service of the sentence.").  Fifteen years from August 27, 2008, is August 27, 2023; therefore, the one-year CSP revocation in August of 2022 did not exceed the remainder of Johnson's sentence.  *See State v. McGrier*, 378 S.C. 320, 332, 663 S.E.2d 15, 21 (2008) ("[A]ssuming an inmate has served at least eighty-five percent of the unsuspended portion of his original sentence, an inmate whose CSP is revoked is limited to serving an amount of time equal to the remaining fifteen percent balance of this sentence.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.